715 So.2d 282 (1998)
Francis CERVONI, Appellant,
v.
Ann Marie CERVONI, Appellee.
No. 97-1608.
District Court of Appeal of Florida, Third District.
April 22, 1998.
Rehearing Denied June 3, 1998.
Robert F. Kohlman, Miami, for appellant.
Paul H. Bass, Coral Gables, for appellee.
Before JORGENSON, GODERICH and SHEVIN, JJ.
SHEVIN, Judge.
Francis Cervoni appeals a final judgment of dissolution of marriage, asserting that the trial court erred in determining his income, fashioning the equitable distribution scheme, and denying his motion for attorney's fees. Addressing each point in turn, we reverse the final judgment, except for the dissolution of the marriage, and remand for further proceedings.
The wife petitioned, and the husband counter-petitioned, for dissolution of the parties' eleven-year marriage. The parties have two *283 minor children. The court held a one-day trial; only the parties testified regarding their incomes and asset values.
The husband, an architect, worked for an interior design firm until he was laid off in 1992. At that time he began his own firm, Frank Cervoni and Associates. His business suffered several setbacks as a result of the parties' separation, and the husband has begun marketing strategies to attract business. Because of the setbacks, the husband earned $26,500 in 1996. The husband had been looking for outside employment, and at the time of the trial had recently accepted employment with a design firm for eighteen to twenty hours a week, at $30 an hour. This position would lead to gross earnings of approximately $25,920 to $28,800 yearly. The wife is a senior manager for marketing services with Ryder Corporation, earning $73,000 yearly plus annual bonuses.
The wife testified that she has a 401K plan worth $11,394; estimated the value of the marital home's furnishings at $8000, including the furniture, electronics, crystal, china and other household goods; valued her jewelry at $2500; and estimated the value of the husband's truck at approximately $3000, and the business equipment at $7000.
The husband valued his truck at $3000, his business equipment at $3500, and stated that the business was valued at $7000 for intangible tax purposes. The husband also estimated the value of the marital home furnishings to be $17,589, and the value of the wife's jewelry to be $10,000.
In the final judgment, the court found that the husband's net income was $2500 monthly, or $30,000 annually, and ordered child-support payments based on that figure. The court awarded the wife exclusive use of the marital home, the parties' major asset, until the youngest child reaches majority (some fourteen years hence), at which time the home will be sold and the proceeds divided among the parties.
In its equitable distribution, the trial court awarded the husband half the equity in the marital residence, his business, which it valued at $10,000, and the truck, which it valued at $4000. The court awarded the wife half the equity in the marital home, her 401K, which it valued at $11,000, and the furnishings in the marital residence, which it valued at $3000. The court did not assign any value to the wife's jewelry. The wife asserts that the jewelry is encompassed in the $3000 valuation of the marital home furnishings and personal effects the court awarded her. The trial court denied the husband's attorney's fees request. The husband appeals.
We agree with the husband's first assertion that the trial court abused its discretion in basing its child support award on the finding that his "net income is $2,500.00 per month[,]" or $30,000 net annually. This finding is not supported by substantial competent evidence introduced at the trial and must be reversed. See Suarez v. Suarez, 627 So.2d 602 (Fla. 3d DCA 1993). The only testimony presented was that the husband had earned $26,500 the previous year and was recently employed in a position which would lead to a maximum of $28,800 gross earnings for the year. Moreover, no evidence was introduced to support any finding imputing income to the husband, the court never announced that it was imputing income, and it never made the findings required to impute income. See Chapoteau v. Chapoteau, 659 So.2d 1381 (Fla. 3d DCA 1995). Because the court's finding regarding the husband's income is not supported by competent substantial evidence, the award of child support based on that finding is reversed. On remand, the court shall award child support based on the husband's income as supported by the parties' testimony.
The husband next argues that the trial court abused its discretion in fashioning the equitable distribution of the parties' assets. The husband has no quarrel with the equal division of the marital home's equity, but argues that the trial court's valuation of the remaining marital assets is not supported by the evidence and has the effect of dramatically shortchanging the husband. The husband's argument is well founded. The following chart demonstrates the discrepancies between the court's valuations and the values in the testimony:

*284
 WIFE'S AWARD HUSBAND'S AWARD
 Court's Wife's Husband's Court's Wife's Husband's
 Value Testimony Testimony Value Testimony Testimony
401K 11,000 11,394 Bus. 10,000 7,000 3,500
Furn. 3,000 8,000 17,589 Truck 4,000 3,000 3,000
Jewelry Not 2,500 10,000
 Valued
TOTALS 14,000 21,894 27,589 14,000 10,000 6,500

A trial court's "valuations of property must be consistent with the evidence." Eckroade v. Eckroade, 570 So.2d 1347, 1348 (Fla. 3d DCA 1990); see also Polley v. Polley, 588 So.2d 638, 642 (Fla. 3d DCA 1991). Because our review of the record demonstrates that the equitable distribution valuations are not supported by the evidence presented at trial, we reverse the equitable distribution fashioned by the court.
The husband argues, as his last point on appeal, that the court abused its discretion in denying him attorney's fees in light of the wife's superior earning ability. The record in this case demonstrates that the wife's earnings are at more than twice the husband's earnings, and that the wife has the ability to pay the fees. Under section 61.16, Florida Statutes (1997), attorney's fees are to be awarded based on the parties' relative financial resources. In Rosen v. Rosen, 696 So.2d 697 (Fla.1997), the Florida Supreme Court reiterated the standard announced in the seminal case of Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980), that the purpose of a fee award is to ensure that both parties have access to competent counsel. Rosen, 696 So.2d at 699. In this case, the parties' financial resources are not equal. The wife has superior ability to pay fees when her earnings are compared with the husband's earning ability. Additionally, this case does not present a scenario where the litigation "is frivolous or spurious or was brought primarily to harass the adverse party[.]" Rosen, 696 So.2d at 701. On remand, the court shall reconsider the husband's fee request upon refashioning the equitable distribution in light of these standards.
Based on the foregoing reasoning, we reverse the final dissolution judgment, except for the dissolution of the marriage, and remand for recalculation of the husband's income and the child-support obligation, as well as reconsideration of the equitable distribution scheme and the husband's attorney's fees request.
Reversed and remanded with instructions.