756 So.2d 155 (2000)
Michael BANTON, Appellant,
v.
Angelina PARKER-BANTON, Appellee.
No. 4D99-0021.
District Court of Appeal of Florida, Fourth District.
March 15, 2000.
Rehearing Denied May 12, 2000.
Michael E. Banton, Lauderdale Lakes, pro se.
No brief filed for appellee.
PER CURIAM.
Former Husband appeals the final judgment of dissolution. Finding that the trial court abused its discretion in valuing and distributing the parties' assets and liabilities, we reverse and remand for reconsideration of the entire equitable distribution scheme with instructions to reconsider the denial of Former Husband's requests for alimony and attorney's fees, if necessary to ensure equity between the parties. In all other respects, we affirm.
We applaud the trial court's attempt to resolve all issues presented to it, and we *156 sympathize with the difficult job trial court judges face in dissolution cases when evidence is lacking to resolve financial issues. Here, however, the evidence is simply insufficient to support some of the trial court's conclusions.
The value of marital property must be properly established for purposes of distribution. See Knecht v. Knecht, 629 So.2d 883, 886 (Fla. 3d DCA 1993). A valuation not supported by competent substantial evidence fails. See Polley v. Polley, 588 So.2d 638, 642 (Fla. 3d DCA 1991). Here, the record does not support the trial court's valuation of Former Wife's 401(k) account and her automobile.
With regard to the distribution of the parties' marital liabilities, both parties have various student loans. The record shows that both parties incurred some student loan debt prior to marriage and some during the marriage, but the record fails to delineate which loans were incurred when. Without this evidence, the trial court could not properly determine which liabilities were marital and which were nonmarital. See § 61.075(5)(a)1, (b)1, (7), Fla. Stat. (1999). Thus, the trial court's categorization of some loans as marital and others as nonmarital appears arbitrary. The trial court also abused its discretion in failing to even mention some of the parties' loans and in apparently duplicating one of Former Husband's loans (Chemical Bank/NYS Higher Education) as both a marital liability and a nonmarital liability. See § 61.075(1), (3), Fla. Stat. (1999)(stating that in absence of agreement, a trial court must clearly identify all nonmarital and marital liabilities and equitably distribute them between the parties).
When reversible error occurs with regard to valuation or distribution, the entire distribution scheme must be reversed and remanded to allow the trial court to ensure both parties receive equity and justice. See, e.g., McAvoy v. McAvoy, 662 So.2d 744, 745 (Fla. 5th DCA 1995). The trial court is also free to reconsider any requests for alimony since, in some instances, an award of alimony may be used to balance inequities resulting from property disposition in the final judgment. See Hamlet v. Hamlet, 583 So.2d 654 (Fla. 1991); Ugarte v. Ugarte, 608 So.2d 838 (Fla. 3d DCA 1992). Further, because the parties' relative financial positions may change, the trial court should also revisit Former Husband's request for attorney's fees, if necessary to ensure equity. See Cervoni v. Cervoni, 715 So.2d 282 (Fla. 3d DCA 1998).
On remand, the trial court should also correct two scrivener's errors. First, there appears to be a mathematical error in the trial court's calculation of each party's fifty percent share of the National Citibank marital liability. Second, the final judgment references a marital liability to "University of Michigan Visa and Mastercard." While Former Husband owes student loan debt to University of Michigan, the record fails to reflect any credit card debt attributable to that lender.
In all other respects, the final judgment is affirmed.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
WARNER, C.J., DELL and GUNTHER, JJ., concur.