PER CURIAM.
Nancy Hunt (the wife) appeals and Gregory Hunt (the husband) cross-appeals a final judgment of dissolution of marriage. We reverse that part of the final judgment that awarded the husband bridge-the-gap alimony of $250 per month and that portion of the judgment that awarded the husband only $1000 of his attorney’s fees and costs. We affirm the remainder of the judgment.
The parties were married in 1994 and have one child. The husband was disabled at the time of the marriage, and his sole source of income is and has been social security disability benefits. The wife is employed full time as a drafter. The parties separated in December 2000, shortly after the husband was diagnosed with hepatitis C. In March 2001, the parties sought a dissolution of marriage.
At trial, the issues centered on the husband’s visitation with the minor child, the husband’s request for permanent alimony, and the husband’s entitlement to a contribution toward his attorney’s fees. The parties stipulated to an equitable distribution of assets and debts. The parties also stipulated that the trial court should determine the husband’s entitlement to his attorney’s fees at trial, but the reasonableness and amount of any fees would be determined at a future hearing.
At the conclusion of the trial, the court entered a final judgment denying the husband permanent periodic alimony, but determining that the husband was entitled to permanent lump sum alimony to bridge the gap between marriage and divorce. This permanent alimony included two components: (1) a provision requiring the wife to maintain health insurance coverage for the husband through COBRA[1] for the relevant three-year period, and (2) a provision requiring the wife to pay the husband $250 per month for a period of thirty-six months. The trial court’s award of the first component was supported by competent, substantial evidence that the husband needed the health insurance, that the health insurance was available through COBRA at a cost of $250 per month for thirty-six months, and that the wife had the ability to pay this award. The additional award of $250 per month, however, was not supported by the evidence. The husband presented no evidence that he had a particular, identifiable, short-term need for this alimony, as long as he had health insurance coverage. We therefore reverse that component of the alimony award. See Blanchard v. Blanchard, 793 So.2d 989, 991 (Fla. 2d DCA 2001) (reversing award of bridge-the-gap alimony where there was no evidence husband lacked basic needs due to the divorce); Borchard v. Borchard, 730 So.2d 748, 753 (Fla. 2d DCA 1999) (cautioning that bridge-the-gap alimony was to be awarded only to assist spouse with legitimate, identifiable, short-term need).
The final judgment also held that the husband was entitled to a contribution toward his attorney’s fees and costs pursuant to section 61.16(1), Florida Statutes (2001). Contrary to the parties’ stipulation, however, and in the absence of any evidence of the fees reasonably incurred by the husband, the trial court awarded the husband only $1000 in attorney’s fees and costs. Although we affirm the trial court’s finding that the husband was entitled to a contribution towards his attorney’s fees, we reverse the portion of the final judgment limiting that recovery to $1000, particularly in light of our reversal *1075 of a portion of the alimony award. See Banton v. Parker-Banton, 756 So.2d 155, 156 (Fla. 4th DCA 2000) (noting that when financial provisions of final judgment of dissolution are reversed, trial court should revisit requests for attorney’s fees).
On remand, the trial court shall strike that portion of the final judgment awarding the husband $250 per month in alimony and shall then reconsider the amount of attorney’s fees reasonably incurred by the husband and whether the wife is able to pay all or a portion of those fees. We note that in a separate order issued simultaneously with this opinion, we are also remanding to the trial court the husband’s motion for appellate attorney’s fees. See Rados v. Rados, 791 So.2d 1130, 1131 (Fla. 2d DCA 2001). We affirm the judgment in all other respects.
Affirmed in part, reversed in part, and remanded.
ALTENBERND, C.J., and FULMER and NORTHCUTT, JJ., concur.

. Consolidated Omnibus Budget Reconciliation Act of 1985, Pub.L. No. 99-272, 100 Stat. 82 (codified at 42 U.S.C. §§ 300bb-l to -8 (2000)).