PER CURIAM.
This lawsuit began when undisclosed defects in a residence caused the buyer to refuse to complete the sale. Jason Pos-tregna contracted to sell his luxury condominium unit to Hans Tanner for $3,575,000. Pursuant to the contract for sale, Mr. Tanner deposited $350,000 in escrow. When problems with the condition of the unit came to light and the contract did not close, Mr. Tanner sued for return of his deposit. Following a nonjury trial, Mr. Postregna appeals the judgment in favor of Mr. Tanner. Mr. Tanner cross-appeals the trial court’s determination of prejudgment interest.
In its final judgment, the trial court resolved numerous factual disputes. Of paramount importance is the finding that the unit had sustained significant water damage and now suffers from mold and poor air quality. Mr. Postregna had not disclosed these conditions to Mr. Tanner before they signed the sales contract even though he had commenced a lawsuit against the builder and others based on these defects. The trial court found that these facts were material to the buyer’s decision to enter into the sales contract and that Mr. Postregna failed to disclose them, thus violating his duty as a seller. See Johnson v. Davis, 480 So.2d 625, 629 (Fla.1985) (“[W]here the seller of a home knows of facts materially affecting the value of the property which are not readily observable and are not known to the buyer; the seller is under a duty to disclose them to the buyer.”). The trial court also concluded that Mr. Postregna had breached his obligation of good faith under the sales contract when he refused Mr. Tanner’s reasonable request to delay the closing so that Mr. Tanner could arrange for further inspection. Thus, the trial court entered judgment for Mr. Tanner and ordered that the escrow deposit be returned to him.
This record reveals that there was substantial, competent evidence presented to *221 support the final judgment. Accordingly, we affirm the primary appeal.
On the cross-appeal, the parties agree that the trial court erred in finding that the parties had stipulated to the amount of prejudgment interest to which the buyer was entitled when there was no such stipulation. Therefore, we reverse the trial court’s award of prejudgment interest and remand for recalculation of the amount. Any prejudgment interest awarded on remand should be reduced by the amount of interest earned by the escrow deposit.
Affirmed in part, reversed in part, and remanded.
CASANUEVA, STRINGER and DAVIS, JJ., Concur.