PER CURIAM.
We reverse the final judgment of dissolution in part and remand to the circuit court for recalculation of the equitable distribution.
The parties were married on November 17, 2001. At the time of the marriage, the husband owned a home which he said had a fair market value of $380,000, with a $25,000 mortgage. During the marriage, the couple demolished the home and paid off the mortgage. They built a new home on the same lot. There was no evidence *846 that the husband used nonmarital assets to construct the new home and pay off the mortgage. The circuit court accepted the husband’s testimony that the fair market value of the home was $520,000. On the new home, there was a first mortgage of $168,000 and a second mortgage/line of credit of $224,900. During the marriage, income earned by the husband was the couple’s only source of income, so that marital income was used to pay the mortgages. The house and the first mortgage were solely in the husband’s name, but the wife was obligated on the line of credit. In the final judgment, the circuit court treated the entire home as a marital asset and equally divided the equity. The court found “insufficient evidence presented to establish any pre-marital value to the [hjusband.”
On appeal, the husband argues that the trial court incorrectly failed to award him a portion of the value of the marital residence as a nonmarital asset. We disagree. The burden of proof was on the husband to establish the value of the non-marital portion of the marital home. See Jahnke v. Jahnlce, 804 So.2d 513, 517 (Fla. 3d DCA 2001); Smith v. Smith, 971 So.2d 191, 193 (Fla. 1st DCA 2007) (stating that “the spouse trying to show that the marital residence acquired during the marriage is a nonmarital asset” has the burden of proof). The 2001 value of $380,000 was for a house on a lot. The house was torn down, so it was lost in a way that produced no return. There was no evidence to establish the value of the lot alone in 2001, which would have qualified as the nonmari-tal portion of the value of the marital home. This failure to prove the nonmari-tal value of the lot distinguishes this case from Oldham v. Oldham, 683 So.2d 579, 580 (Fla. 4th DCA 1996), where the $225,000 nonmarital value of a lot was established by evidence and then deducted from the proceeds of the sale of the marital home, which were equally divided.
We agree, however, with the husband that the trial court’s valuation of a house owned by Chris and Nancy Vaughn was not supported by competent, substantial evidence. The court found that the property was encumbered by a $145,000 mortgage; the only evidence at trial was that the mortgage had a current balance of $105,000.
Finally, the final judgment failed to sufficiently identify and equitably distribute certain marital assets and liabilities that were covered in the evidence: (1) the $200,000 debt owed by Chris and Nancy Vaughn to the parties, and (2) the Trailblazer and Yukon Denali vehicles. Although the court made the husband responsible for the mortgages on the marital home, it failed to assign a value to these marital liabilities. Also, the court failed to rule on the partition issue and failed to determine the percentage of the husband’s interest on the Vaughns’ house which is represented by his name on the warranty deed. On remand, the circuit court shall correct the deficiencies identified in this opinion and reconsider the equitable distribution. We find no reversible error in the trial court’s imputation of income to the husband.

Reversed in part, affirmed in part.

GROSS, C.J., HAZOURI and CIKLIN, JJ., concur.