FORST, J.
In this marital dissolution, the long-term marriage of Appellant Jordan H. Jordan (“Former Husband”) and Appellee Laura Jordan (“Former Wife”) was dissolved by final judgment, in which the trial court decided issues regarding a parenting plan, equitable distribution, the marital home, child support, alimony, and attorney’s fees and costs. Former Husband timely filed an appeal of the final judgment. For reasons discussed below, we find that multiple errors exist in the equitable distribution schedule and many of the valuations were not supported by competent evidence in the record on appeal. Thus, we reverse the equitable distribution award and remand for the trial court to correct all errors and reconsider the other orders that stem from calculations in the schedule.
Facts
Former Husband and Former Wife were married in 1992. Two children were born during the marriage. Former Husband owned and operated a private practice as a chiropractor in a building that had been deeded to him by his parents before the marriage. During the marriage, Former Wife coordinated and helped perform a series of extensive renovations and improvements to the building.
In 2001, Former Husband created a company called Jordan Realty, LLC, and soon after he transferred his chiropractic building to the company. The building was later sold during the marriage, and then Former Husband and Former Wife *796 began looking for places to invest the money or begin another business for the family. The parties decided to purchase a salon in 2009 with the proceeds from the sale of the building. The salon was sold in 2010 and the proceeds went back into the Jordan Realty, LLC account. Former Husband and Former Wife used part of the money to pay for household and living expenses during the marriage.
Former Wife petitioned for dissolution of marriage in January 2011. At the end of the trial on dissolution and other related issues, the trial court made a series of oral rulings, from which the parties drafted proposed final judgments. The trial court adopted Former Wife’s proposed final judgment, including an equitable distribution schedule. Although the trial court made changes to the provisions in the Former Wife’s proposal before signing it, her proposed equitable distribution schedule remained unchanged and was attached to the final judgment.
Erroneous Equitable Distribution Schedule
We review the determinations of a trial court within a dissolution judgment for abuse of discretion. Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla. 1980). The determinations will be upheld unless they are not supported by competent evidence. McDonald v. McDonald, 868 So.2d 1283, 1284 (Fla.1979).
A final judgment of any distribution of marital assets or liabilities “shall be supported by factual findings ... based on competent substantial evidence ... [and] include specific written findings of fact as to ... [any] findings necessary to advise the parties or the reviewing court of the trial court’s rationale for the distribution ....” § 61.075(3)(d), Fla. Stat. (2012). Where certain findings are not supported by competent evidence, reversal of the final judgment is proper. See Konz v. Konz, 63 So.3d 845, 846 (Fla. 4th DCA 2011) (reversing a final judgment for recalculation of the equitable distribution where the evidence at trial did not support the trial court’s findings and where the trial court failed to factor certain marital liabilities). Specific factual findings underlying the court’s determinations are not required to be expressly stated where the record contains competent evidence to support the trial court’s findings. Kelly v. Kelly, 557 So.2d 625, 627 (Fla. 4th DCA 1990).
In the instant case, we find that competent substantial evidence is lacking to support the trial court’s valuation of certain marital assets and liabilities in the equitable distribution schedule attached to the final judgment. These unsupported valuations contribute to totals that were used to determine the ultimate equitable distribution award for Former Wife, leaving Former Husband in a position to pay an amount that appears to be overstated.
The equitable distribution schedule also appears to have typographical errors in regard to account numbers and errors with accounts appearing to be included in the schedule more than once or marital liabilities not being included at all. In Banton v. Parker-Banton, 756 So.2d 155, 155-56 (Fla. 4th DCA 2000), we applauded the trial court’s attempt to resolve the issues before it and noted the difficult task that trial courts face to resolve financial issues in these dissolution cases when evidence is lacking. However, in this case, as in Ban-ton, “the evidence is simply insufficient to support some of the trial court’s conclusions.” Id. at 156 (“When reversible error occurs with regard to valuation or distribution, the entire distribution scheme must be reversed and remanded to allow the trial court to ensure both parties receive equity and justice.”).
*797 Nonetheless, to the extent that Former Husband also challenges the trial court’s decision to value the marital assets and liabilities as of the date of filing the petition for dissolution, we find his arguments without merit. “The date for determining value of assets and the amount of liabilities identified or classified as marital is the date or dates as the judge determines is just and equitable under the circumstances.” § 61.075(7), Fla. Stat. (2012). The trial court did not abuse its discretion in determining that the date of filing the petition for dissolution was an appropriate date to value the assets.
Other Orders in the Final Judgment
A corrected equitable distribution schedule may alter the end financial positions of the parties. Therefore, on remand, the trial court must also reconsider the other orders in the final judgment that stemmed from the erroneous equitable distribution schedule, as it essentially served as a summary of the parties’ financial positions upon dissolution. See Banton, 756 So.2d at 156 (allowing the trial court, on remand, to reconsider other orders in the final judgment of dissolution to ensure equity between the parties).
The trial court must also reconsider the order requiring the sale of the marital home, which was determined to be necessary based on the conclusion that Former Husband was not able to afford to keep the home, which in turn was based on the erroneous equitable distribution schedule. Furthermore, the trial court should reconsider the sale of the marital home with consideration of what is in the best interests of the minor children. See § 61.075(l)(h), (3), Fla. Stat. (2012). Similarly, the trial court must also reconsider orders related to the awarding of (1) permanent alimony, (2) alimony arrearages, (3) child support, and (4) attorneys’ fees and costs. Should the trial court determine that any equitable distribution award is to be paid from Former Husband’s retirement accounts, the court should also address the issue of penalty fees and taxes resulting from withdrawing funds from those accounts prematurely.
Jordan Realty Asset
We review the legal conclusion of whether an asset is marital or non-marital de novo. Mondello v. Torres, 47 So.3d 389, 392 (Fla. 4th DCA 2010).
Section 61.075(6)(a)(l)(b), Florida Statutes (2012), defines marital assets, in relevant part, as the “enhancement in value and appreciation of nonmarital assets resulting either from the efforts of either party during the marriage or from the contribution to or expenditure thereon of marital funds or other forms of marital assets, or both.”
In the present case, there is no question that the chiropractic building was a nonmarital asset of Former Husband at the time the marriage began. However, during the marriage, Former Wife was an instrumental part in coordinating and helping with the vast improvements that were done to the building, which included replacing walls, installing new flooring, adding columns and a flag pole to the front, modifying lighting and other electrical work, adding an additional parking lot, replacing the roof, and putting in new doors and windows. Contrary to Former Husband’s arguments, these actions went beyond mere maintenance and were improvements that enhanced the value of the building. These actions, combined with how the proceeds from the sale of the building were used, sufficiently transformed the nonmarital asset into a marital asset. Former Husband did not offer evidence to show that only a portion of the asset was transformed rather than the entire asset. We thus affirm the trial court’s *798 determination that the Jordan Realty asset is a marital asset; on remand, the trial court must account for it on the corrected equitable distribution schedule accordingly.
Conclusion
For the reasons set forth above, we reverse the final judgment of dissolution and remand to the trial court for further proceedings consistent with this opinion. The trial court must also reconsider the various other orders that are derived from the erroneous equitable distribution schedule. We affirm only as to the trial court’s determination that Jordan Realty is a marital asset.

Affirmed in part; reversed in part and remanded for further proceedings consistent with this opinion.

DAMOORGIAN, C.J., and MAY, J„ concur.