DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*January Term 2014*

**DENISE SORGEN,**
Appellant/Cross-Appellee,

v.

**MICHAEL SORGEN,**
Appellee/Cross-Appellant.

No. 4D12-718

[July 2, 2014]

Appeal and cross-appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Renee Goldenberg, Judge; L.T. Case No. 08-4317 35.

Carin M. Porras and Gordon C. Brydger of Brydger & Porras, LLP, Fort Lauderdale, for appellant/cross-appellee.

Melody Ridgley Fortunato of Fortunato & Associates, P.A., Fort Lauderdale, for appellee/cross-appellant.

GERBER, J.

The wife appealed from the trial court's final judgment dissolving the parties' marriage, and the husband cross-appealed. This court dismissed the wife's appeal for lack of prosecution. The husband's cross-appeal argues the trial court erred in denying his request to include the wife's inherited asset as a marital asset in the court's equitable distribution. More specifically, the husband argues that, because the wife's inherited asset was commingled into the parties' joint account, the wife's inherited asset became a marital asset subject to equitable distribution. We agree with the husband's argument and reverse that portion of the final judgment addressing only that asset and the equitable distribution.

Before the marriage, the wife inherited a one-third interest in a home. The other two-thirds interest in the home was inherited by the wife's two sisters. The wife and her sisters rented the home to tenants and deposited the rent into a separate account.

After the parties married, the wife's sisters separately sold their interests in the home to the wife. The husband testified that the wife purchased her sisters' interests using joint funds. However, the wife testified that she purchased her sisters' interests using her share of the money from the rental account.

In any event, it is undisputed that, after the purchase, the wife and the husband renovated the home using joint funds. The wife and the husband also received rental income from the home, which income they deposited into a joint account. The wife and the husband also used funds from the joint account to pay the taxes on the home and the rental income.

The wife and the husband ultimately sold the home, and deposited the proceeds into the joint account. They used a portion of the proceeds to pay the capital gains taxes on the sale of the home, and kept the remaining proceeds in the joint account for the next ten years. During those ten years, the wife and the husband used the proceeds to execute stock trades.

When the husband petitioned for dissolution of the marriage, the wife moved the funds from the joint account into her separate personal account.

At trial, the parties disputed whether the wife's one-third interest in the proceeds from the sale of the home remained a nonmarital asset or became a marital asset subject to equitable distribution. The circuit court ultimately entered a final judgment denying the husband's request to include the wife's one-third interest in the proceeds from the sale of the home as a marital asset subject to equitable distribution.

The wife's now-dismissed appeal and the husband's cross-appeal followed. Pertinent to this opinion, the husband's cross-appeal argues the trial court erred in not including the wife's one-third interest in the proceeds from the sale of the home as a marital asset in the court's equitable distribution. More specifically, the husband argues that, because the proceeds from the sale of the home ultimately were commingled into the parties' joint account, the wife's one-third interest in the proceeds from the sale of the home became a marital asset subject to equitable distribution.

Our review is de novo. *See Jordan v. Jordan*, 127 So. 3d 794, 797 (Fla. 4th DCA 2013) ("We review the legal conclusion of whether an asset is marital or non-marital *de novo*."); *see also* § 61.075(6)(a)1.a., Fla. Stat. (2008) (marital assets include, among other things, "[a]ssets acquired . . . during the marriage, individually by either spouse or jointly by them.");

2

§ 61.075(6)(b)2., Fla. Stat. (2008) (nonmarital assets include, among other things, "[a]ssets acquired separately by either party by . . . bequest, devise, or descent . . . .").

We agree with the husband's argument that, because the proceeds from the sale of the home ultimately were commingled into the parties' joint account, the wife's one-third interest in the proceeds from the sale of the home became a marital asset subject to equitable distribution.

"In evaluating assets that come to one spouse by inheritance, the task for the trial court in a dissolution proceeding is to determine whether the recipient intended that the assets remain non-marital or whether the recipient's conduct during the marriage gives rise to the presumption of a gift to the other spouse." *Lakin v. Lakin*, 901 So. 2d 186, 190 (Fla. 4th DCA 2005). A party may show intent to keep an asset nonmarital if "the non-marital property is placed into a separate account, no other funds are deposited into it, and the account is never intermingled with the parties' other funds." *Id.* (citation omitted). However, "[w]hen one spouse deposits funds into a joint account where they are commingled with other funds so as to become untraceable, a presumption is created that the spouse made a gift to the other spouse of an undivided one-half interest in the funds." *Williams v. Williams*, 686 So. 2d 805, 808 (Fla. 4th DCA 1997) (citation omitted).

The spouse seeking to have the property declared a nonmarital asset "has the burden of overcoming this presumption by proving that a gift was not intended." *Robertson v. Robertson*, 593 So. 2d 491, 494 (Fla. 1991); *see also* § 61.075(6)(a)3., Fla. Stat. (2008) ("All personal property titled jointly by the parties as tenants by the entireties, whether acquired prior to or during the marriage, shall be presumed to be a marital asset. In the event a party makes a claim to the contrary, the burden of proof shall be on the party asserting the claim that the subject property, or some portion thereof, is nonmarital."). "The burden of proof to overcome the gift presumption [is] by clear and convincing evidence." § 61.075(6)(a)4., Fla. Stat. (2008).

Here, the wife's one-third interest in the proceeds from the sale of the home undisputedly was deposited into the parties' joint account. Although the wife disputed the husband's testimony as to whether they used joint funds to purchase the remaining two-thirds interest in the home, she does not dispute that they used joint funds to renovate the home, deposited proceeds from the home into their joint account, used the funds in their joint account to pay taxes on the home, and used the funds in their joint account to execute stock trades during the marriage. This commingling of

3

the wife's one-third interest in the proceeds from the sale of the home in the parties' joint account created a presumption that the wife gifted an undivided one-half interest in the funds to the husband. The wife presented no evidence to rebut that presumption.

The wife nevertheless argues that her one-third interest in the proceeds from the sale of the home remained nonmarital because no evidence existed that the funds representing her one-third interest were untraceable from the funds in the joint account. We disagree. The wife ignores the fact that her one-third interest in the proceeds from the sale of the home ultimately was commingled in the joint account, which created a presumption that she gifted an undivided one-half interest in the proceeds from the sale of the home to the husband. Again, the wife presented no evidence to rebut that presumption.

Based on the foregoing, we reverse that portion of the final judgment denying the husband's request to include the wife's one-third interest in the proceeds from the sale of the home as a marital asset subject to equitable distribution. We remand for the trial court to recalculate the equitable distribution by including the wife's one-third interest in the proceeds from the sale of the home as a marital asset subject to equitable distribution.

On the husband's four other arguments in his cross-appeal, we affirm without further discussion.

*Affirmed in part, reversed in part, and remanded.*

GROSS and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

4