NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

BRANDON D. PORTER,                          )
                                            )
          Appellant,                        )
                                            )
v.                                          )          Case No. 2D13-4224
                                            )
NICHOLE L. PORTER,                          )
                                            )
          Appellee.                         )
_____)

Opinion filed December 12, 2014.

Appeal from the Circuit Court for
Hillsborough County; Marion L. Fleming,
Senior Judge.

Joseph J. Registrato, Tampa, for Appellant.

Seth R. Nelson and Kathryn M. Ashley of
Seth R. Nelson, P.A., Tampa, for Appellee.


SILBERMAN, Judge.

          Brandon D. Porter, the Husband, seeks review of the final judgment of

dissolution of his marriage to Nichole L. Porter, the Wife.  The Husband challenges the

equitable distribution of the parties' 2007 GMC Acadia, the court's decision to allow the

parties' youngest child to be placed in daycare, and the imputation of income to the

Husband.  We reject the Husband's challenges to the daycare decision and the

imputation of income without further discussion.  However, we reverse the equitable

distribution scheme because the trial court erred in refusing to enforce the parties' stipulation that the Acadia and its considerable debt would be distributed to the Wife.

Prior to the final hearing on the petition for dissolution, the parties had stipulated to the equitable distribution of many of their assets and liabilities. As for the 2007 GMC Acadia, they stipulated that it had a debt of $14,363 and that it would be distributed to the Wife. They disagreed as to its value. At the final hearing on May 9, 2013, the Wife testified that the Acadia was worth $7500, and the Husband argued that it was worth $8215. The parties also owned a 2006 Chevy Malibu that had a debt of $5653. The Wife claimed it was worth $4900, and the Husband asserted it was worth $7146. Both parties requested distribution of the Malibu.

The trial court did not rule at the final hearing but scheduled a telephonic hearing for the next month for purposes of ruling. At the onset of the hearing, counsel for the Wife informed the court that the value of the Acadia, which the Wife had been driving, had decreased since the final hearing. Counsel asserted that the vehicle's engine and transmission had "now been totally blown and damaged, and the car basically is only worth scrap of $1,000." Counsel for the Wife requested that the court distribute the Acadia and the debt to the Husband and distribute the Malibu to the Wife. Counsel for the Husband objected and reminded the court that the parties had stipulated that the Acadia would be distributed to the Wife. Counsel for the Husband alternatively requested that the court adjust the value of the Acadia to $1000 so the Husband's asset number was not inflated.

In the final equitable distribution scheme the parties' debt, which exceeded their assets, was equally distributed between the parties. The court distributed the

Acadia and its debt to the Husband and distributed the Malibu and its debt to the Wife. The court declined to adjust the value of the Acadia without any testimony under oath. Instead, it valued the Acadia and the Malibu using the Wife's figures. On appeal, the Husband argues that the court's distribution of the Acadia and its debt was not supported by competent, substantial evidence. He argues that the court ignored the parties' stipulation regarding distribution of the Acadia based on facts not in evidence but refused to consider those "facts" when valuing the vehicle.

Stipulations regarding equitable distribution that are properly entered into are binding on the court as well as the parties. See Yeakle v. Yeakle, 12 So. 3d 884, 885-86 (Fla. 4th DCA 2009); Lift v. Lift, 1 So. 3d 259, 261 (Fla. 4th DCA 2009). As for the valuation of the Acadia, that was not part of the parties' stipulation and was the subject of trial testimony. The later unsworn representation by the Wife's counsel that the value of the Acadia had decreased from $7500 to $1000 between the time of the final hearing and the telephonic hearing was not a sufficient basis on which to revalue the vehicle. See Aziz v. Aziz, 45 So. 3d 975, 978 (Fla. 2d DCA 2010). Thus, the court correctly declined to revalue the vehicle on this basis. But there is no dispute that the parties properly entered into the stipulation regarding the equitable distribution of many of their assets and liabilities. As a result, the trial court erred in refusing to enforce that portion of the stipulation that provided the Acadia and its associated debt would be distributed to the Wife.

Accordingly, we reverse the equitable distribution scheme and remand with directions for the court to distribute the Acadia and its associated debt to the Wife. On remand, the court should also refashion those portions of the equitable distribution

scheme to which the parties did not stipulate to effect as equal a distribution of the parties' debt as possible. See § 61.075(1), Fla. Stat. (2012). To this end, the court in its discretion may take further evidence. The final judgment of dissolution is otherwise affirmed.

Affirmed in part, reversed in part, and remanded.


KELLY and BLACK, JJ., Concur.