DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STACY D. JAEGER,**
Appellant,

v.

**ROBERT M. JAEGER,**
Appellee.

No. 4D14-1332

[June 29, 2016]

Appeal and cross-appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Krista Marx, Judge; L.T. Case No. 502009DR013546.

Elizabeth J. Kates, Pompano, and Lisa Marie Macci of Lisa Marie Macci, P.A., Boca Raton, for appellant.

John F. Schutz of Schutz & White, LLP, West Palm Beach, for appellee.

PER CURIAM.

Stacy D. Jaeger ("the former wife") appeals and Robert J. Jaeger ("the former husband") cross-appeals a final judgment of dissolution of marriage. We reverse in part, finding merit in the former wife's argument that the trial court erred when devising its plan of equitable distribution. The record before us reveals that the trial court's determinations were not supported by competent, substantial evidence.

"We review the determinations of a trial court within a dissolution judgment for abuse of discretion. The determinations will be upheld unless they are not supported by competent evidence." *Jordan v. Jordan*, 127 So. 3d 794, 796 (Fla. 4th DCA 2013) (internal citation omitted).

With regard to equitable distribution, we have previously explained:

A final judgment of any distribution of marital assets or liabilities "shall be supported by factual findings . . . based on competent substantial evidence . . . [and] include specific

written findings of fact as to . . . [any] findings necessary to advise the parties or the reviewing court of the trial court's rationale for the distribution . . . ." § 61.075(3)(d), Fla. Stat. (2012). Where certain findings are not supported by competent evidence, reversal of the final judgment is proper. *See Konz v. Konz*, 63 So. 3d 845, 846 (Fla. 4th DCA 2011) (reversing a final judgment for recalculation of the equitable distribution where the evidence at trial did not support the trial court's findings and where the trial court failed to factor certain marital liabilities). Specific factual findings underlying the court's determinations are not required to be expressly stated where the record contains competent evidence to support the trial court's findings. *Kelly v. Kelly*, 557 So. 2d 625, 627 (Fla. 4th DCA 1990).

*Id.* (alterations in original).

The trial court found that the former wife had retirement accounts worth $61,312, $68, and $643, respectively, but there does not appear to be support for these figures in the record presented to us. Furthermore, it appears that the parties stipulated to a $26,000 marital asset portion of the retirement account that the trial court nonetheless valued as $61,312. Thus, the final judgment should have reflected the value agreed upon by the parties. *Cf. Porter v. Porter*, 152 So. 3d 833, 835 (Fla. 2d DCA 2014) ("Stipulations regarding equitable distribution that are properly entered into are binding on the court as well as the parties.").

Consequently, we reverse for recalculation of the equitable distribution insofar as it relates to the former wife's retirement accounts.

We find no merit as to the remaining issues raised in both the appeal and the cross-appeal and therefore affirm without comment.

*Affirmed in part, reversed in part, and remanded.*

CIKLIN, C.J., TAYLOR and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***