IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA

FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JESSE GRAHAM,

       Appellant,

 v.

                                        Case No. 5D21-1389
                                        LT Case No. 2016-DR-2960

CARINA GRAHAM,

       Appellee.

_____/

Opinion filed April 22, 2022

Appeal from the Circuit Court
for Osceola County,
Michael Kraynick, Judge.

Christopher H. Morrison, of
Christopher H. Morrison,
P.A., Winter Park, for Appellant.

Andrew T. Windle, of The Windle
Family Law Firm, P.A., Orlando,
for Appellee.

PER CURIAM.

Appellant, Jesse Graham ("Former Husband"), appeals an amended final judgment increasing the amount of his alimony and child support payments to Appellee, Carina Graham ("Former Wife"). Former Husband argues, *inter alia*, that the trial court abused its discretion in its calculation of his income for the year 2020 by including payments in the amount of $95,437 made by Former Husband's law firm to the Internal Revenue Service to satisfy his personal obligations. Specifically, Former Husband contends the trial court double-counted this income because these funds were previously counted toward his income for 2019, but the funds simply were not distributed to him at that time.

Based on the undisputed evidence at trial, we agree and reverse. *See Haeberli v. Haeberli*, 310 So. 3d 108, 110 (Fla. 5th DCA 2020) ("A trial court's order modifying alimony is subject to an abuse of discretion standard of review, and the court's factual findings will not be disturbed as long as they are supported by competent substantial evidence." (citations omitted)). On remand, the trial court should reconsider alimony, child support, and arrearages based on its corrected calculation of Former Husband's income. We otherwise affirm.

AFFIRMED in part; REVERSED in part; and REMANDED.

EISNAUGLE and SASSO, JJ., concur.
EDWARDS, J., concurring specially, with opinion.

2

EDWARDS, J., concurring specially.

As noted in the majority opinion, Former Husband appeals the amended final judgment that increased his alimony and child support payments to Former Wife. In calculating Former Husband's income for 2020, the trial court first erroneously concluded that Former Husband received an in-kind contribution from his law firm in 2020 of $95,437.00, thereby improperly increasing his income for 2020 by that amount. The trial court had already considered that $95,437.00 as part of Former Husband's total income for 2019;[1] thus, those same dollars were treated as income in two separate years. I concur in the majority opinion's conclusion the trial court actually double counted income earned in 2019 that was not distributed from his law firm to Former Husband until 2020.

The trial court committed a second error in calculating Former Husband's income which should be addressed on remand, lest the same mistake get repeated. The amended final judgment does not contain

---

[1] Former Husband reported income to his firm and to himself on a cash basis, such that all net income received by his law firm in 2019 was reported as his income in 2019, even though a portion of it was not distributed from his firm's bank account to him until 2020.

detailed findings that would assist this Court or the parties in determining exactly how the trial court arrived at the specific increased amounts for alimony and child support. But, the trial court did advise that it calculated Former Husband's total income for 2020 to be $319,819.93 by adding $205,684.35 and $95,437.00, the double-counted amount discussed in majority opinion. However, the numbers literally do not add up as $205,684.35 plus $95,437 equals $301,121.35. Thus, this too was error. *See Jordan v. Jordan*, 127 So. 3d 794, 796 (Fla. 4th DCA 2013) (noting it is reversible error when trial court's conclusions are not supported by competent substantial evidence).

Given that both miscalculations were used by the trial court to determine various aspects of alimony, child support, and related arrearages, I submit that both miscalculations need to be addressed.[2] After performing these recalculations, it would be helpful to all concerned for the trial court to include sufficient detail to clearly explain its revised calculations and bases for its updated decisions.

---

[2] Former Wife's motion for attorney's fees below was denied because, again employing the two miscalculations, she was to receive a 180-percent increase in alimony. Based on that specific increase, the trial court concluded that she had no need to have Former Husband contribute anything towards paying her counsel. However, Former Wife did not cross-appeal the denial of her motion for fees.