880 So.2d 819 (2004)
Wanda and Eric TEAT, Appellants,
v.
CITY OF APALACHICOLA, Appellee.
No. 1D03-3260.
District Court of Appeal of Florida, First District.
August 13, 2004.
Randall E. Denker, Esq. of Denker Law Office, Bradfordville, for Appellants.
*820 Susan K. Spurgeon, Esq. and John C. Pelham, Esq. of Pennington, Moore, Wilkinson, Bell and Dunbar, P.A., Tampa, for Appellee.
PER CURIAM.
Appellants, Wanda and Eric Teat, seek review of the trial court's Order on Petition for Attorney's Fees, raising six issues on appeal. In their first issue, appellants contend that the trial court reversibly erred in failing to specify the number of hours and the hourly rate it used in calculating their attorneys' fee award. Although there is competent, substantial evidence in the record to support the award of attorneys' fees, it is well established that a trial court is required to set forth specific findings regarding the hourly rate, the number of hours reasonably expended, and the appropriateness of reduction or enhancement factors as mandated by the supreme court in Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985). See, e.g., T.G.G. v. P.M.L., 661 So.2d 351, 351 (Fla. 1st DCA 1995) (reversing the judgment of attorney's fees and costs because the trial court failed to make a specific finding, "which is mandatory," regarding the number of hours the appellee's counsel reasonably expended in the case and holding that a case must be reversed for further proceedings if a court fails to set forth the specific findings required by Rowe "[e]ven when there is competent, substantial evidence in the record to support a court's award of attorney's fees"); Jones v. Assocs. Fin. Inc., 565 So.2d 394, 394 (Fla. 1st DCA 1990) (holding that the supreme court's opinion in Rowe requires the trial court to make specific findings of fact as to the reasonable number of hours expended, the normal hourly rate, and the appropriateness of increasing or decreasing the lodestar and that the failure to make the requisite findings constitutes reversible error); Hoffay v. Hoffay, 555 So.2d 1309, 1310 (Fla. 1st DCA 1990) (reversing the trial court's attorney's fee award notwithstanding the fact that there appeared to be competent, substantial evidence to support the award because the presence of such evidence does not obviate the need for the specific findings); Manuel v. Manuel, 498 So.2d 1369, 1370 (Fla. 1st DCA 1986) (reversing the trial court's order awarding attorney's fees for failure to set forth the specific findings mandated by Rowe notwithstanding the fact that the record appeared to contain sufficient evidence to support the trial court's award). Because the trial court failed to set forth the required findings in its order, we reverse the court's order with respect to the amount of fees awarded and remand for the purpose of making the necessary findings. We otherwise affirm.
AFFIRMED in part; REVERSED in part and REMANDED.
KAHN and LEWIS, JJ., CONCUR; WOLF, C.J., SPECIALLY CONCURS WITH WRITTEN OPINION.
WOLF, C.J., specially concurring with opinion.
In T.G.G. v. P.M.L., 661 So.2d 351 (Fla. 1st DCA 1995), we held that reversal of an order awarding attorney's fees is required when the court fails to make specific findings regarding the hours reasonably expended "[e]ven when there is competent substantial evidence in the record to support a court's award of attorney's fees." Id. at 351. This holding, however, should not be read to preclude the application of section 59.041, Florida Statutes, and the harmless error analysis under the appropriate circumstances. See Civile v. Civile, 600 So.2d 51 (Fla. 3d DCA 1992); Reis v. Reis, 739 So.2d 704 (Fla. 3d DCA 1999). In Powerhouse, Inc. v. Walton, 557 So.2d *821 186 (Fla. 1st DCA 1990), we recognized that appellate courts are mandated to perform a harmless error analysis by section 59.041, Florida Statutes, and reversal should only occur if there is a reasonable probability the result would have been different if the error had not occurred. Id. at 187. Pursuant to this rule we have applied the harmless error analysis to cases where a trial court failed to make required factual findings. See, e.g., Vaughn v. Vaughn, 714 So.2d 632 (Fla. 1st DCA 1998). Thus, if the record both contains substantial competent evidence to support the trial court's determination regarding attorney's fees and demonstrates no reasonable probability that the failure to make factual findings effected the result, affirmance would be required. See Walton, 557 So.2d at 186; Parker v. Hoppock, 695 So.2d 424 (Fla. 4th DCA 1997).
In the instant case there is competent substantial evidence to support a number of the reasons stated by the judge for awarding a fee that was lower than requested, including that "[t]here was excessive hours spent on this matter by attorneys representing both sides in this controversy because of the uncooperative attitude." It is unclear, however, whether the trial judge made an arbitrary reduction based solely on his exasperation with the attorneys rather than a reasoned determination concerning the reasonable hours expended on the case. I am, therefore, constrained to concur in the reversal of the order awarding fees.