PER CURIAM.
 

 Diane Brown seeks review of an order of the administrative law judge imposing sanctions pursuant to section 57.105, Florida Statutes (2006). The administrative law judge entered a comprehensive, well-reasoned order on the requests for sanctions filed by St. Joe Company and Clara Avenue, LLC. As Ms. Brown correctly argues, however, even if there is competent, substantial evidence in the record to support the award of attorney’s fees — which we are unable to ascertain from this record — the judge was required to specify the number of hours reasonably expended on her allegation that Clara Avenue, LLC’s Future Land Use Map amendment failed to protect historic or cultural resources.
 
 See Teat v. City of Apalachicola,
 
 880 So.2d 819, 820 (Fla. 1st DCA 2004);
 
 Guardianship of Halpert v. Martin S. Rosenbloom, P.A.,
 
 698 So .2d 938, 939 (Fla. 4th DCA 1997). Accordingly, we reverse and remand, “albeit reluctantly, as the order awarding the fees fails to set forth findings as to the time reasonably expended.”
 
 Guardianship ofHalpert,
 
 698 So.2d at 939.
 

 Reversed and remanded.
 

 WEBSTER, BENTON, and ROBERTS, JJ., concur.