KAHN, J.
Appellant, the former wife of appellee, seeks review of an order of dismissal entered by the circuit court. Appellant points out, and the record confirms, that appellee’s attorney obtained the order of dismissal by filing a motion to dismiss, a copy of which was never served upon appellant. The motion to dismiss alleges affirmative factual matters, which, if true, might ultimately be of great aid to appel-lee in defending appellant’s claim for past due child support. For reasons not disclosed by the record, the circuit judge seems to have entered, in a more or less ex parte manner, an order dismissing appellant’s claim for child support arrearages. The record reflects that appellant has never been heard on this question.
Procedural due process requires both fair notice and a real opportunity to be heal’d before judgment is rendered. See Dep’t of Law Enforcement v. Real Prop., 588 So.2d 957, 960 (Fla.1991). We are persuaded that appellant not only had no opportunity to be heard, she received no notice at all of the proceeding. Interestingly, in attempting to uphold the order, appellee’s counsel does not respond to the due process argument. Instead, counsel *1094 argues that we should review the order of dismissal under the familiar abuse of discretion standard generally applicable in Florida dissolution of marriage matters. See Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980). In support of his argument, counsel has attached a number of “exhibits,” which, if presented to the court below, might support a contention that child support arrearages had been satisfied. The problem is, these exhibits have never been presented to the court below, and appellant has never had an opportunity to explain her contention that she is still owed monies, whether in the form of arrearages, interest, attorney’s fees, or costs associated with those other matters.
We conclude that the procedure utilized below effectively deprived appellant of her basic due process rights. We express no opinion on the underlying merits of this case. The order of dismissal with prejudice is REVERSED, and this case is REMANDED for further proceedings.
THOMAS, and ROBERTS, JJ., concur.