PER CURIAM.
Marty Ingram, the former husband, appeals the trial court’s final judgment of dissolution of marriage. He raises several issues, only one of which has merit. Specifically, we agree with the former husband that the trial court erred in awarding the former wife $2,500 in attorneys’ fees without making the required findings. Consequently, we reverse as to the attorneys’ fees issue but affirm all other aspects of the final judgment without further comment.
When awarding attorneys’ fees, the trial court must “set forth specific findings regarding the hourly rate, the number of hours reasonably expended, and the appropriateness of the reduction or enhancement factors as mandated by the supreme court in Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985).” Teat v. City of Apalachicola, 880 So.2d 819, 820 (Fla. 1st DCA 2004). In circumstances where the record may contain competent, substantial evidence to support these specific findings, but the trial court’s order omits such findings, the case should be remanded for entry of an appropriate order. Id.; see also Manuel v. Manuel, 498 So.2d 1369, 1370 (Fla. 1st DCA 1986) (reversing the trial court’s order requiring the former husband to pay $10,000 of the former wife’s attorneys’ fees even though the record “appealed] to contain sufficient evidence to support the ... award” due to the court’s failure to make the findings required by Rowe). However, in some cases, the trial court’s failure to make the required findings may qualify as harmless error. See, e.g., Blits v. Renaissance Cruises, Inc., 647 So.2d 971, 972 (Fla. 4th DCA 1994) (trial court’s oral pro *149 nouncement at an evidentiary hearing on attorneys’ fees that it arrived at its $11,250 fees award by multiplying seventy-five hours of work times $150 an hour rendered the court’s failure to make the explicit findings required by Rowe harmless); see also Teat, 880 So.2d at 821 (Wolf, J., concurring) (discussing the application of the harmless error test in the context of Rowe).
In this case, the former husband argues that the trial court abused its discretion in ordering him to pay $2,500 of the former wife’s attorneys’ fees because it failed to set forth specific findings required by Rowe. We agree. Neither the final judgment of dissolution nor the transcript of the proceedings below contains the requisite findings. Only the former wife’s testimony addressing a $2,500 initial payment she made to her attorney appears to correspond to the $2,500 award, which the trial court deemed “reasonable” without explanation in its final judgment. This error was not harmless. Consequently, we reverse the trial court’s order with respect to the amount of attorneys’ fees awarded and remand for the purpose of making the necessary findings. Teat, 880 So.2d at 820 (identifying this form of relief).
AFFIRMED in part; REVERSED in part; REMANDED with instructions.
VAN NORTWICK, LEWIS, and ROBERTS, JJ., concur.