PER CURIAM.
Appellant, Harvey C. Brooks, makes two arguments on appeal. First, that the trial court erred in denying his request to change venue. Second, that the trial court erred in awarding $600 in attorneys’ fees to Michael Weinstock, Appellee’s counsel. Because (i) the trial court held an unnoticed hearing at which only Mr. Weinstock appeared, and (ii) the resulting order did not set forth any specific findings regarding the fee award, we reverse.
As to Appellant’s first issue, “[procedural due process requires both fair notice and a real opportunity to be heard before judgment is entered.” Owens v. Owens, 14 So.3d 1093, 1093 (Fla. 1st DCA 2009). Where a party receives no notice, it has been deprived of due process and the underlying order must be reversed. Owens v. Owens, 14 So.3d 1093, 1093-94 (Fla. 1st DCA 2009); see also Loudermilk v. Loudermilk, 693 So.2d 666, 668 (Fla. 2d DCA 1997) (“Failure to give notice of a hearing to the opposing party absent a true emergency deprives the opposing party of its right to procedural due process.”).
In this case, the trial court clearly held a hearing, attended by only Appellee’s counsel; this is evidenced throughout the final order. Yet, as Appellant argues, nothing in the record or court docket report evinces Appellant was notified of this hearing. In fact, nothing in the record or court docket report, other than the trial court’s disclosure in its order, evinces a hearing was held. Appellee, after warning from this Court, has failed to file an answer brief to refute or explain these facts or contest that a due process violation occurred. Thus, on the record before us, we reverse the trial court’s denial and remand for further proceedings.[1]
As to the attorneys’ fees issue, an award of attorneys’ fees must “set forth specific findings as to the hourly rate, the number of hours reasonably expended, and the appropriateness of the reduction or enhancement factors.” Ingram v. Ingram, 59 So.3d 147, 148 (Fla. 1st DCA 2011) (quoting Fla. Patient’s Comp. Fund v. Rowe, 472 So.2d 1145 (Fla.1985)); see also Giltex Corp. v. Diehl, 583 So.2d 734, 735 (Fla. 1st DCA 1991).
Here, the order does not state a reasonable hourly rate or the number of hours Appellee’s counsel expended. The order also does not contain any findings that Appellant has the means to pay the award or that Appellee cannot do so herself. Moreover, there is no transcript or other support in the record with which to sustain the trial court’s award of $600. Simply, neither the trial court’s order nor the record contains a scintilla of evidence *554 to support the conclusory sum granted to Appellee’s counsel. The award of attorneys’ fees must therefore be reversed.
Accordingly, we REVERSE the order on appeal and REMAND to the trial court for further proceedings.
BENTON, THOMAS, and CLARK, JJ., concur.

. We make no suggestion as to the propriety of Appellant’s motion for change of venue. The merits of his motion are immaterial to the question of whether the court afforded him due process.