PER CURIAM.
This case involves a straightforward request for temporary support in a dissolution action. Barry Duncan (the Husband) appeals an order compelling him to pay $50,000 in temporary attorney’s fees and $10,000 in temporary accountant’s fees within fifteen days to Karen Duncan (the Wife).[1] Because the trial court failed to make a factual finding regarding the Husband’s monthly income, which was disputed by the parties, we are compelled to *975 reverse. We further address the fifteen-day deadline given to the Husband to pay the temporary fees and conclude his income and assets were insufficient to allow him to comply with the deadline.
The Wife filed a motion for temporary support, seeking temporary support, attorney’s fees, and costs for a forensic accountant. After a hearing on the motion, the trial court entered an order holding the Wife’s monthly gross income was $6844, her net monthly income was $5555, and her monthly expenses were $11,885. The trial court noted that the Husband’s forensic accountant testified that the Husband’s gross monthly income was $13,598, while the Wife’s forensic accountant testified that the Husband’s gross monthly income was $14,899.26. However, the trial court did not make a factual finding as to which figure was actually the Husband’s income. The trial court also found the Husband had a net worth of $494,120. The trial court held that the Wife had the need, and the Husband had the ability to pay, both temporary support and attorney’s fees.
On appeal, the Husband claims the trial court abused its discretion in finding both the Wife had a need, and he had an ability to pay, the temporary attorney’s fees award. With regard to the Wife’s need for an award of attorney’s fees, we affirm the trial court’s decision.
Our analysis of the Husband’s ability to pay is frustrated by the trial court’s failure to make findings as to Husband’s gross and net monthly income. Using the Husband’s figures, the Husband is in a worse financial position than the Wife and lacks the ability to pay any significant amount of the Wife’s fees. See Galligar v. Galligar, 77 So.3d 808 (Fla. 1st DCA 2011). However, using the Wife’s figures, the Husband is in a better financial position than the Wife and could pay at least part, if not all, of the Wife’s fees over time. Because we are unable to determine whether the Husband has the ability to pay the Wife’s fees, we must reverse and remand for the trial court to determine the Husband’s net monthly income. See Hernandez v. Hernandez, 58 So.3d 313, 315 (Fla. 5th DCA 2011).
Even using the Wife’s figures for the Husband’s income, the trial court erred in finding the Husband had the ability to pay the entirety of the Wife’s fees within fifteen days. It is reversible error for a trial court to order a large lump-sum payment when there is no evidence the payor has the ability to make the payment in the time frame ordered. Robinson v. Robinson, 668 So.2d 1074 (Fla. 2d DCA 1996). There is no record evidence that Husband could pay $60,000 in temporary fees in fifteen days. If, on remand, the trial court finds the Husband has the ability to pay all or part of the Wife’s fees, it should determine a schedule in line with the Husband’s ability to pay.

Reversed and remanded for further proceedings.

DAMOORGIAN, C.J., CIKLIN and CONNER, JJ., concur.

. The Husband does not appeal that portion of the order awarding $3000 per month in temporary support.