PER CURIAM.
This appeal arose out of a complaint filed by Stephen A. Scott, appellee, under the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), sections 501.201-213, Florida Statutes (2005), against Preusler & Associates, Inc., doing business as Restoration Specialists, appellant, and a counterclaim for breach of contract filed by Preusler. The trial judge granted summary judgments on both the FDUTPA claims and the counterclaim. Preusler appeals the trial court’s order denying, in part, and granting, in part, its motion for attorney’s fees and costs. Preusler argues that the trial court erred by partially denying it attorney’s fees based on a ruling that Preusler had not timely pled attorney’s fees and that the exception created in Stockman v. Downs, *682 573 So.2d 835, 838 (Fla.1991), was not applicable under the circumstances here. Preusler further asserts that the trial court erred in failing to include in its order awarding appellate fees a finding as to the number of hours reasonably expended.
We agree with the trial court that, by filing its motion seeking attorney’s fees under section 501.2105, Florida Statutes (2005), after the trial court had granted summary judgment on the FDUTPA claims, Preusler waived its claim for attorney’s fees. Stockman, 573 So.2d at 837-38. Further, we also agree with the trial court that, under the facts here, the Stock-man exception to the waiver rule does not apply. Id. at 838 (“Where a party has notice that an opponent claims entitlement to attorney’s fees, and by its conduct recognizes or acquiesces to that claim or otherwise fails to object to the failure to plead entitlement, that party waives any objection to the failure to plead a claim for attorney’s fees.”). Accordingly, we affirm the first issue raised on appeal.
As Scott correctly concedes, however, the trial court’s order erroneously failed to state findings as to the number of hours reasonably expended in defending Scott’s appeal of the summary judgment entered with respect to his FDUTPA claim. “[I]t is well established that a trial court is required to set forth specific findings regarding the hourly rate, the number of hours reasonably expended, and the appropriateness of reduction or enhancement factors as mandated by the supreme court in Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985).” Teat v. City of Apalachicola, 880 So.2d 819, 820 (Fla. 1st DCA 2004). Accordingly, we reverse and remand this issue for the entry of a corrected order containing the required findings.
AFFIRMED, in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
VAN NORTWICK, ROWE, and MARSTILLER, JJ., concur.