DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHRIS BECKSTROM,**
Appellant,

v.

**JULIE BECKSTROM,**
Appellee.

No. 4D14-929

[April 29, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Amy Smith, Judge; L.T. Case No. 502012DR007247XXXXNB.

Betty C. Resch, Lake Worth, for appellant.

Sean P. Sheppard of Sheppard Firm, P.A., Fort Lauderdale, for appellee.

MAY, J.

It's all about the written findings or lack thereof. A former husband appeals a final judgment of dissolution. He argues the court erred in awarding attorney's fees and requiring him to secure life insurance without making the requisite written findings. We agree in part and reverse the judgment as it relates to the attorney's fees award. We affirm on the life insurance issue.

The trial court heard the contested issues and entered a final judgment of dissolution of marriage. The former husband moved for rehearing, raising the attorney's fees issue and the lack of findings regarding his ability to pay. The trial court denied the motion. From the underlying judgment of dissolution, the former husband now appeals.

We review "a fee award in a dissolution proceeding [for] abuse of discretion." *Hahamovitch v. Hahamovitch,* 133 So. 3d 1020, 1022 (Fla. 4th DCA 2014) (citation omitted).

The former husband argues the trial court's order on attorney's fees fails to contain the requisite factual findings on his ability to pay, the

reasonableness of the hours expended and hourly rate, and the basis for the court's payment plan.[1] The former wife argues section 61.16, Florida Statutes, does not require specific factual findings regarding attorney's fees, and the judgment adequately addressed the reasonableness of the fees awarded. We agree with the former husband on his first point and reverse.

Section 61.16(1), Florida Statutes (2014) provides: "The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees . . . ." We previously reversed a final judgment that included an "award of attorney's fees because the trial court did not make findings concerning the former wife's need and the former husband's ability to pay fees and costs." *DeLillo v. DeLillo*, 848 So. 2d 454, 454 (Fla. 4th DCA 2003); *see also Baime v. Baime*, 850 So. 2d 606, 606 (Fla. 4th DCA 2003) ("The trial court is required to make findings regarding the parties' respective financial needs and abilities to pay. Failure to do so requires reversal.") (internal citation omitted).

Here, the trial court found the former wife was in need of attorney's fees, but did not make a finding as to the former husband's ability to pay. We therefore reverse the judgment on this issue and remand the case to the trial court to make the requisite written findings.

The former husband next argues the trial court erred in ordering a payment plan without the requisite factual finding. We also agree with him on this issue. "[W]hile the trial court has discretion to allow payment of an award of attorney's fees over time, it must set forth some factual basis for imposing the specific payment plan selected." *Rogers v. Rogers*, 12 So. 3d 288, 292 (Fla. 2d DCA 2009). Here, the trial court found, "[t]he [former] [h]usband shall pay $5,000.00 toward the [former] [w]ife's attorney's fees and costs within thirty days of the date of this Final Judgment with the balance of $5,615.00 payable before or on August 15, 2014." The trial court did not set forth any factual basis for imposing this specific payment plan. We therefore reverse the judgment on this issue and remand the case to the trial court. We disagree with the former husband, however, that the judgment failed to make the requisite findings on the reasonableness of the hours expended and hourly rate. We find the judgment sufficient in that regard and affirm on that issue.

---

[1] "[C]ourts have consistently held that despite the lack of a transcript and an adequate record, when the error appears on the face of the judgment, it should be corrected." *Larocka v. Larocka*, 43 So. 3d 911, 913 (Fla. 5th DCA 2010) (citation omitted).

We also find no merit in the former husband's argument on the life insurance issue. "'Under the invited error rule, a party cannot successfully complain about an error for which he or she is responsible or of rulings that he or she invited the court to make.'" *Anderson v. State*, 93 So. 3d 1201, 1203 (Fla. 1st DCA 2012) (quoting *Muina v. Canning*, 717 So. 2d 550, 553–54 (Fla. 1st DCA 1998)). Here, the former husband agreed to purchase a $100,000 life insurance policy and included such a provision in his proposed final judgment. He cannot now complain that the trial court erred in including such a provision in the final judgment. *See, e.g.*, *Hill v. Hooten*, 776 So. 2d 1004 (Fla. 5th DCA 2001).

We therefore reverse the award of attorney's fees and remand the case to the trial court for additional findings to support the court's award. We affirm in all other respects.

*Affirmed in part, Reversed in part, and Remanded.*

DAMOORGIAN, C.J., and TAYLOR J., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***

3