DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FREDERICK SCIRE,**
Appellant,

v.

**NICOLE HOCHMAN,**
Appellee.

No. 4D18-1606

[April 10, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Dale C. Cohen, Judge; L.T. Case No. FMCE 11-12186.

Jennifer E. Reisler of Beaulieu-Fawcett Law Group, P.A., Delray Beach, for appellant.

Nicole Hochman, Boynton Beach, pro se.

MAY, J.

The father appeals an attorney's fees award entered following a modification order in a paternity action. He makes numerous arguments concerning the court's calculation of the fee award.[1] We find merit in two issues raised: (1) the court's failure to make findings concerning the payment plan; and (2) the court's failure to determine the hours expended by the mother's counsel in awarding fees. We therefore reverse and remand on these issues.

Following the entry of an Agreed Final Judgment Establishing Paternity, Time Sharing and Child Support, the mother petitioned for an upward modification of child support and other related relief. That petition resulted in a Final Judgment on Modification ("2017 Modification Order"). The 2017 Modification Order increased the father's child support obligation and reserved jurisdiction on attorney's fees.

---

[1] The father argued the court erred in: (1) relying on his 2016, rather than his 2017, income; (2) failing to make findings concerning the parents' "net" income; and (3) awarding the mother attorney's fees and costs based on his gross income.

The father timely appealed the 2017 Modification Order. We affirmed. *Scire v. Hochman*, No. 4D17-3618, 2019 WL 1076784 (Fla. 4th DCA Mar. 7, 2019).

The trial court heard the mother's request for attorney's fees. The father advised the court he had received his 2017 W-2, which reflected a substantial decrease in his income. The court sua sponte took judicial notice of the 2017 Modification Order and stated it would not re-litigate the income issue. The father objected to the court excluding evidence of his current income; the trial court overruled the objection.

The mother introduced her January 2017 and March 2017 financial affidavits in support of her need for fees. She introduced the father's 2017 updated financial affidavit in support of his ability to pay. The trial court orally found the father had the ability to pay and directed the parties to present evidence on the amount of attorney's fees and costs.

The mother's counsel informed the trial court that she sought $16,610.50 in fees, less reductions for improper time such as travel. Counsel explained she arrived at the figure by using the balance on the last invoice of $18,888, subtracting $3,177 owed from a prior proceeding, and adding $450 per month ($900) for her anticipated fee for March and April. She also sought an additional $3,800, representing $800 paid by the mother in August 2017 and $3,000 paid in September 2017.

The trial court indicated it would not award fees for travel time, e-filing, uncertified paralegal time, time related to the notice of appeal, or time when counsel was withdrawn. It awarded the mother attorney's fees and costs of $16,610.50, plus the $3,800 previously paid by the mother, less the amounts excluded. The trial court indicated the father would need a payment plan and ordered him to pay the award over a five-year period with no interest at a rate of $333 a month.

The father now appeals.

The father argues the trial court erred in failing to make findings on: (1) the necessity of a payment plan; (2) the five-year duration; and (3) the father's ability to make the $333 monthly payment based on his income. "[W]hile the trial court has discretion to allow payment of an award of attorney's fees over time, it must set forth some factual basis for imposing the specific payment plan selected." *Rogers v. Rogers*, 12 So. 3d 288, 292 (Fla. 2d DCA 2009).

Here, the trial court orally stated "[y]our client is going to need a

2

payment plan." "I'll break it up over five years with no interest. That's a month." But, the order did not make findings to support the court's conclusion.

Factual findings for the payment plan must be made. *Beckstrom v. Beckstrom*, 183 So. 3d 1067, 1069 (Fla. 4th DCA 2015). Their absence requires us to reverse and remand the case to the trial court to make the requisite findings. *Id.*

The father next argues the trial court failed to make a finding on the hours reasonably expended in this litigation.

We review an attorney's fees award for an abuse of discretion. *Campbell v. Campbell*, 46 So. 3d 1221, 1222 (Fla. 4th DCA 2010).

The fee order contained the following findings:

- The time expended was reasonable;

- The attorney charged an hourly rate of $175, which was fair;

- Total attorney's fees and costs were $20,410.50, which consisted of $16,610.50 due and owing to the mother's counsel and $3,800.00 for fees the mother already paid; and

- The father can have five years to repay these fees at a rate of $333 per month.

In determining the reasonableness of attorney's fees, the court should consider:

> (1) the time and labor required, the novelty and difficulty of the issues, and the legal skill required; (2) the likelihood that the representation will preclude other employment by the lawyer; (3) the customary fee; (4) the result obtained; (5) the time limitations imposed by the client or circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation and ability of the lawyers; and (8) whether the fee is fixed or contingent.

*Id.* at 1222–23 (citation omitted).

Here, the mother's counsel testified and introduced a fee affidavit,

3

attaching retainer agreements and monthly invoices. Counsel testified to the number of hours billed during the pendency of the modification proceedings. The fee affidavit showed the initial $1,500 the mother paid. Attached invoices reflected the mother incurred fees and costs of $25,847.50 based on a billing rate of $150 per hour. The affidavit did not reflect the total hours worked on the case.

The trial court's order reflected that the hours and hourly fee were reasonable, but it did not indicate how many hours were reasonable. In short, the order lacked the required finding of number of hours reasonably expended.

Neither the fee order, the transcript, nor the fee affidavit contained the requisite findings of the number of hours spent nor how the trial court determined the total amount of attorney's fees owed. "In circumstances where the record may contain competent, substantial evidence to support these specific findings, but the trial court's order omits such findings, the case should be remanded for entry of an appropriate order." *Ingram v. Ingram,* 59 So. 3d 147, 148 (Fla. 1st DCA 2011).

We therefore reverse and remand the case to the trial court for further proceedings.[2]

*Reversed and remanded for proceedings consistent with this opinion.*

CIKLIN and KLINGENSMITH, JJ., concur.

*       *       *

**Not final until disposition of timely filed motion for rehearing.**

---

[2] The father also claims there is a mathematical error in the fee order (an award of $1,224.50). Because the trial court will have an opportunity to review the order, it can review the hours expended between the father's filing and the mother initial answer and counter-petition.