DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SHLOMO NIZAHON,**
Appellant,

v.

**TAMARA BACH** f/k/a **TAMAR NIZAHON,**
Appellee.

No. 4D21-1765

[May 25, 2022]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael Rothschild, Judge; L.T. Case No. FMCE10-003962.

Jeanne C. Brady and Frank R. Brady of Brady & Brady, P.A., Boca Raton, for appellant.

Robert M. Klein and Andrew M. Feldman of Klein Park & Lowe, P.L., Miami, for appellee.

PER CURIAM.

Shlomo Nizahon ("Former Husband") appeals the trial court's final judgment awarding Tamara Bach ("Former Wife") attorney's fees arising from a dissolution of marriage action, where a final judgment of dissolution of marriage incorporated the parties' Marital Settlement Agreement ("MSA"), which required Former Husband to make monthly child support payments to Former Wife. Of the several issues raised, we write to address only one: whether the trial court erred in failing to make factual findings in support of its judgment for a monthly payment plan. On that issue, we agree and reverse.

Former Wife filed a motion for contempt alleging Former Husband failed to pay his required child support under the MSA. The parties later appeared before the trial court and announced they had settled their issues through mediation and a separate settlement agreement. The court adopted the parties' settlement agreement, noting it was doing so only to ratify the agreement and "not for the purposes of proving liability to either

party." Additionally, the trial court reserved jurisdiction to enter any other necessary orders, including for an award of attorney's fees and costs.

Former Wife moved for attorney's fees under the MSA because of Former Husband's alleged non-compliance with the MSA. Former Husband also filed a motion for entitlement to attorney's fees, alleging he was the prevailing party in these proceedings. After considering memorandums of law addressing both motions, the trial court entered an order granting Former Wife's motion for attorney's fees and required Former Husband to pay the award in eight monthly payments, finding that "but/for [Former Wife's] legal efforts [Former Husband] may never have complied with terms of the MSA." The order also denied Former Husband's request for fees. This appeal followed.

We review an attorney's fees award for an abuse of discretion. *Campbell v. Campbell*, 46 So. 3d 1221, 1222 (Fla. 4th DCA 2010). A trial court may allow an award of attorney's fees to be paid over time; however, an order that imposes a payment plan "must set forth some factual basis for imposing the specific payment plan selected." *Rogers v. Rogers*, 12 So. 3d 288, 292 (Fla. 2d DCA 2009); *see also Scire v. Hochman*, 268 So. 3d 167, 169 (Fla. 4th DCA 2019) ("Factual findings for the payment plan must be made."). Here, the trial court's order requires Former Husband to pay the attorney's fees award in monthly installments for eight months yet does not include any factual basis for the installment period nor the installment amount.[1]

A payment plan's absence of factual findings requires an appellate court "to reverse and remand the case to the trial court to make the requisite findings." *Scire*, 268 So. 3d at 169; *see also Beckstrom v. Beckstrom*, 183 So. 3d 1067, 1069 (Fla. 4th DCA 2015) (affirming the reversal of an award of attorney's fees because the trial court did not make factual findings regarding the parties' respective need and ability to pay); *Ingram v. Ingram*, 59 So. 3d 147, 148 (Fla. 1st DCA 2011) ("In circumstances where the record may contain competent, substantial evidence to support these specific findings, but the trial court's order omits such findings, the case should be remanded for entry of an appropriate order.").

Therefore, we reverse and remand to the trial court for entry of an appropriate order making the necessary factual findings to support the payment plan. *See Scire*, 268 So. 3d at 169. We affirm on all other issues raised without comment.

---

[1] The order does not allow Former Wife to foreclose on the entire award amount.

*Affirmed in part, reversed in part, and remanded.*

LEVINE, FORST and KLINGENSMITH, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**