DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ASAF HASSON,**
Appellant,

v.

**ADI HASSON,**
Appellee.

No. 4D21-1282

[May 25, 2022]

Appeal of a nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Susan F. Greenhawt, Senior Judge; L.T. Case No. 20-001370 FMCE (35/93).

Renee Safier Harris of the Law Offices of Renee Safier Harris, PLLC, Boca Raton, for appellant.

No brief filed on behalf of appellee.

PER CURIAM.

A husband appeals a trial court's order granting a wife's motion for temporary relief as to prospective fees and costs in a pending dissolution of marriage matter. For the reasons discussed below, we reverse the order.

The order required husband to pay $40,000 within 10 days in temporary prospective attorney's fees and costs to wife's attorney. Then, beginning April 1, 2021, husband was required to pay the attorney $10,000 per month until the entire balance of $165,435.90 was paid in full.

The order further required that, within 10 days, husband was to pay wife's forensic accountant $40,000 in temporary prospective forensic accounting fees, and beginning April 15, 2021, he was required to pay $5,000 each month to the accountant until the entire amount of $72,000 was paid in full.

We review an award of attorney's fees for an abuse of discretion. *Smith v. Smith*, 226 So. 3d 948, 952 (Fla. 4th DCA 2017). "The award must be

supported by competent, substantial evidence." *Id.* Additionally, section 61.16(1), Florida Statutes (2021), requires a court to consider "the financial resources of both parties" when ordering fees. *Id.*

"The appropriate inquiry – whether one spouse has a need for suit money and the other has the ability to pay – is the same whether the fees requested are temporary or final." *Robbie v. Robbie*, 591 So. 2d 1006, 1009 (Fla. 4th DCA 1991).

We reverse and remand for further proceedings because the trial court's order is not supported by competent substantial evidence. First, wife did not establish her need for fees. She did not testify at any of the multiple hearings, nor did she provide a financial affidavit. *See, e.g.*, *Brennan v. Brennan*, 122 So. 3d 923, 927 (Fla. 4th DCA 2013) (reversing order awarding attorney's fees to a wife because the record did not contain a current financial affidavit, and although the wife testified regarding her current financial circumstances and about her inability to meet bills as they became due, she did not testify "as to the assets she currently possessed, her current monthly income, or any additional liabilities above her mortgage and home equity loan").

Moreover, the evidence was insufficient to demonstrate that the husband had the ability to pay the fees as required by the order, particularly given that the order required two large lump sum payments (totaling $80,000) to be made within 10 days of the order without clear findings that the husband had the ability to pay the large amounts within that time frame. The evidence suggested that husband's money came from his father and that the husband used the money at his father's direction. Indeed, the husband testified multiple times that he has no income source available to pay the fees ordered, and he would not have any ability to pay the fees or his expenses without his father paying. The trial court appeared to acknowledge this throughout the hearings yet came to a contrary conclusion in the order on appeal.

Reversible error occurs when a trial court orders an individual to make a large lump-sum payment without competent substantial evidence that the individual can make the payment in the time frame ordered. *Duncan v. Duncan*, 124 So. 3d 974, 975 (Fla. 4th DCA 2013); *see also Beckstrom v. Beckstrom*, 183 So. 3d 1067, 1069 (Fla. 4th DCA 2015) ("[W]hile the trial court has discretion to allow payment of an award of attorney's fees over time, it must set forth some factual basis for imposing the specific payment plan selected." (alteration in original) (quoting *Rogers v. Rogers*, 12 So. 3d 288, 292 (Fla. 2d DCA 2009))).

Additionally, the trial court did not account for husband's reduced income based on his expenses and other court-ordered obligations. *See De La Piedra v. De La Piedra*, 243 So. 3d 1052, 1054 (Fla. 1st DCA 2018) (explaining that a court "must take alimony and child support payments into account when determining whether the party has the ability to pay").

Finally, the trial court relied on husband's alleged $1,500,000 in assets to demonstrate that he can pay wife's fees. But the evidence showed the assets are not liquid – the assets' first source is the equity invested in the house where wife and the children reside. The second source is the equity invested in another house where husband receives rental income, which he uses to pay a portion of his support obligations. While a court is not prevented from considering non-liquid assets when determining ability to pay temporary fees, here, the court did not make sufficient findings showing that the husband could convert these assets to cash in order to pay the wife's fees within the time frame ordered.

We note that husband's accountant, whom the trial court found credible, plainly testified that "*there was still additional aspects of [husband's] income that needs to be determined. . . . [Such] income is not a pot of money that [husband] gets to spend indiscriminately. It's expenses that are paid on his behalf or funds that are provided for the expenses,*" and husband does not have the discretion to decide how the funds are used. (Emphasis added).

Accordingly, we determine that the trial court erred in ordering husband to pay wife's temporary attorney's fees and accounting fees within the time frame ordered.

On remand, if the trial court again finds that husband has the ability to pay all or part of wife's fees, it should determine a schedule in line with husband's ability to pay. *Duncan*, 124 So. 3d at 975.

*Reversed and remanded for further proceedings.*

CONNER, C.J., CIKLIN and LEVINE, JJ., concur.

\*　　\*　　\*

**Not final until disposition of timely filed motion for rehearing.**

3